Dear Mr. Anderton:
This letter is in response to your question asking:
 "Can the county court of a third or fourth class county in Missouri enter into a contract with the United States of America acting through the U.S. Army Corps of Engineers for the purpose of obtaining increased law enforcement services at water resources development projects under the jurisdiction of the Secretary of the Army to meet law enforcement needs during peak visitation periods at those areas."
It is our view that our Opinion No. 366, dated December 18, 1969, to Gant, is applicable. Such opinion holds that since a sheriff has the duty to enforce the laws of the state throughout his county, a city cannot contract with him to provide such services for that city. A copy of that opinion is enclosed. It is our view that the situation you present is not distinguishable and that the same conclusion necessarily follows. Thus, we find no authority for the county court or the sheriff to enter into such a contract.
The present situation is distinguishable from the one we considered in our Opinion No. 6, dated May 2, 1973, to Gordon, copy enclosed. In that opinion we found it acceptable for a fourth class county to accept donations on the condition that such donations be used by the sheriff's office to perform general patrol duties throughout the county. In the present situation payment is to be made under contract for particular law enforcement services.
We also enclose a copy of Opinion No. 78, dated May 25, 1972, to Summers, in which this office held that neither the Inter-Agency Council for Outdoor Recreation nor the State Park Board have the authority to agree to hold and save the United States free from damages due to construction work. This conclusion was based on the existence of sovereign immunity. While we recognize that unless the Missouri Legislature enacts appropriate legislation the doctrine of sovereign immunity will be abolished as of August 15, 1978 (see Jones v. State HighwayCommission, No. 60017, (Mo. September 12, 1977)); sovereign immunity still exists at this time. Therefore, it is our view that at the present time the county cannot hold the United States harmless from damages as contemplated in said agreement. Even in the absence of sovereign immunity such a hold-harmless agreement may be improper.
Finally, we are of the view that the contemplated contract is not a cooperative agreement under Sections 70.210 et seq., RSMo. In this respect this situation is distinguishable from that presented in our Opinion Letter No. 266, dated November 1, 1974, to Kiefner, copy enclosed, because such opinion involved a cooperative agreement between entities authorized to provide fire protection. Here there is no authority for the United States government to perform the functions which the law requires the sheriff's office to perform. While the United States government obviously has authority to perform certain police functions generally, it does not purport to provide such services in the jurisdiction involved in this question.
We are of the view that specific legislative authority should be sought to enable the county to enter into such a contract.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 366, 12-18-69, Gant Op. No. 78, 5-25-72, Summers Op. No. 6, 5-2-73, Gordon Op. Ltr. No. 266, 11-1-74, Kiefner